**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DANIEL TYLER,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | CIV. NO.: 25-290 (GAG) |

**ORDER**

**GUSTAVO A. GELPÍ, Circuit Judge.**[1]

In this social security appeal, Plaintiff Daniel Tyler ("Plaintiff") raises three objections to Magistrate Judge Jason A. Robertson's Report and Recommendation ("R&R") denying his disability benefits. See Docket Nos. 19, 20.

First, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to perform the function-by-function assessment. Docket No. 20, pgs. 1-5. Second, that his subjective symptoms were not considered. Id. at pg. 5. And third, that the RFC is not supported by substantial evidence. Id. at pgs. Id. at pgs. 6-10. These three alleged errors were squarely addressed and rejected by Judge Robertson. See Docket No. 19, pgs. 7-10 (function-by-

[1] The Honorable Gustavo A. Gelpí, Circuit Judge, United States Court of Appeals for the First Circuit, sitting by designation.

function assessment); id. at pgs. 16-19 (subjective statements); id. at pgs. 18-20 (RFC).

Upon due consideration of the administrative record, as well as operative filings before the Court, I hereby **ADOPT** in its entirety Judge Robertson's elaborate and well-reasoned R&R.

The Court's judicial review of the Commission's decision denying Plaintiff disability benefits is limited to determining whether the agency applied the correct legal standards and whether factual findings are supported by substantial evidence of the record. See Noreja v. Comm'r, SSA, 952 F.3d 1172, 1177-78 (10th Cir. 2020). I must also give deference to the ALJ's factual findings supported by the record, even if I would have decided differently if I had been the factfinder. See Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

Although I have adopted Judge Robertson's R&R, I nonetheless find that any specific objections thereto are waived. To avoid the Tenth Circuit's "firm waiver rule," objections to the R&R "must be both timely *and specific*." Coomer v. Make Your Life Epic, LLC, 140 F.4th 1269, 1277 (10th Cir. 2025 (citing United States v. 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996)). These must identify why and how exactly the Magistrate Judge erred. Id. ("[T]he objection must be 'sufficiently specific to focus the district court's attention to the factual and legal issues that are truly in dispute.'" (quoting 2121 E. 30th St., 73 F.3d at 1059)). Briefing for purposes of objecting cannot be through simple incorporation. Collins v. Colvin, 640 F. App'x 698, 700

(10th Cir. 2016) ("[W]e disfavor briefing by incorporation . . . [and] a broad [incorporation] statement is not sufficiently specific to preserve any arguments for review.") (citation omitted). Nor may the objections be generic or perfunctory. Robinson v. Polis, 810 F. App'x 619, 621 (10th Cir. 2020) ("[P]erfunctory argument[s] [are] insufficient to invoke this court's review." (citing Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994)).

Plaintiff's objection rehashes the purported errors by the ALJ. See Docket No. 20. However, it does not specifically address why and how Judge Robertson got it wrong. My evaluation of the administrative record and pleadings here convinces me that Judge Robertson was correct in his conclusion. Plaintiff's objections, in turn, further do not allow me to identify any purported errors by Judge Robertson.

Plaintiff's objection only references Judge Robertson's R&R three times. First, Plaintiff asserts that Judge Robertson provided an ad hoc justification, however he does not further elaborate. Id. at pg. 2 ("As to the Magistrate [Judge's] recitation to SSR 83-10 purportedly defining standing and/or walking as 6 hours, the ALJ did not at any point in the decision rely on SSR 83-10 for the definition nor did he advise the VE to do so. This is prohibited post hoc rationalization by the Magistrate [Judge]."). Next, Plaintiff notes that Judge Robertson alluded to what the ALJ stated at Step Three. Id. at pg. 7 ("The Magistrate [Judge] also cites the fact the ALJ stated at Step Three that the RFC reflected the degree of limitation he found, followed by a summary of the evidence reviewed as to Claimant's knee,

imaging, and consulting examination."). Lastly, Plaintiff mentions that Judge Robertson states what the ALJ explained. Id. at pg. 8 ("The Magistrate [Judge] stated: 'The RFC tracks the functional vocabulary of the Section I rating itself: Claimant can understand, remember, and carry out detailed tasks.'"). This is insufficient for me to conclude that Judge Robertson erred.

Accordingly, the Commissioner's decision denying Plaintiff disability benefits is **AFFIRMED**.

IT IS SO ORDERED.

DATED: November 13, 2026

/s/ Gustavo A. Gelpí
**GUSTAVO A. GELPÍ**
Circuit Judge, U.S. Court of Appeals
for the First Circuit
Sitting by designation